GARRETT S. McKEAN

3589 Wells Rd, Space 40

Blythe, CA 92225

Pro Se Plaintiff



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


Garrett S. McKean,

    Plaintiff,

v.   Case No.: 5:25-cv-00935-HDV-GJS

City of Blythe; Officer Ibarra, in her individual and official capacity; Detective McCormick, in her individual and official capacity; Dispatcher Soto, in her individual and official capacity; Police Chief Garth Dale, in his official capacity; Officer Orozco, in his individual and official capacity; and DOES 1–10, inclusive Defendants

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(Civil Rights Violations - 42 U.S.C. §1983; First, Fourth, and Fourteenth Amendments;

California Constitution; California Civil Code §52.1; False Imprisonment; Negligence;

Intentional Infliction of Emotional Distress; Defamation; Monell Liability)

## INTRODUCTION

1. This is a civil action seeking damages and injunctive relief for violations of Plaintiff's rights under

the United States Constitution and California law by the City of Blythe and its agents.

2. Defendants engaged in a pattern of retaliation, false arrest, fabrication of evidence, unlawful

search and seizure, suppression of exculpatory evidence, and defamation, which caused lasting

emotional, professional, and reputational harm.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 because the claims arise

under federal civil rights laws.

4. Venue is proper under 28 U.S.C. §1391 because the events occurred in Riverside County, within the Central District of California.

## PARTIES

5. Plaintiff Garrett McKean is a resident of Blythe, California.

6. Defendant City of Blythe is a municipal entity organized under California law.

7. Defendants Ibarra, McCormick, Soto, Orozco, and Dale are or were employees of the City of

Blythe and are sued in their individual and/or official capacities.

8. DOES 1-10 are unknown individuals employed by the City at relevant times whose identities will

be revealed through discovery.

**FACTUAL BACKGROUND**

9. Plaintiff ran for Blythe City Council in 2024 on a platform of police oversight. The campaign

triggered hostility from the Blythe Police Department.

10. Police Chief Garth Dale contacted Plaintiff's employer, inquiring about his employment and

campaign, resulting in intimidation and economic impact.

11. Officers encouraged a rival candidate to run against Plaintiff to diminish his campaign.

12. After the election, Plaintiff experienced escalating harassment, culminating in a March 10, 2025

arrest on baseless domestic violence charges.

13. Officer Orozco arrested Plaintiff at work without visible injuries, a formal complaint, or probable

cause. McCormick and Ibarra later escalated the case through coercive tactics.

14. The arresting officers seized Plaintiff's personal phone and body camera without a warrant. The

phone was unlawfully powered on and searched before a warrant was issued.

15. The search warrant was facially invalid-naming the wrong service provider and failing to identify Plaintiff.

16. Plaintiff's mugshot and arrest were posted by Dispatcher Soto on Facebook, causing reputational harm, including pressure from his broker to vacate his office and a subsequent paid suspension from his secondary employer.

17. Officers falsely reported that the alleged victim exited the residence to signal for help. BWC and CAD logs do not support this. The fabricated report was used to justify arrest.

18. Sgt. Burt, Officer Ibarra, and Officer Manning engaged in coercive interviews and suppressed exculpatory statements by the alleged victim.

19. Plaintiff's formal complaints to the City were rerouted, ignored, or deleted without investigation, and no personnel were disciplined.

20. The CAD system was backdated after Plaintiff's arrest to link past activity in a deceptive effort to retroactively justify probable cause.

21. Exculpatory evidence (videos, audio, call logs) has been withheld despite formal Brady and discovery requests.

22. Plaintiff was detained, publicly humiliated, defamed, and left with ongoing damage to his mental health, income, and civil rights.

**FIRST CAUSE OF ACTION**

(42 U.S.C. §1983 - Fourth Amendment - Unlawful Search & Seizure)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. Defendants, acting under color of law, deprived Plaintiff of rights secured by the Fourth

Amendment to the U.S. Constitution.

25. Defendants unlawfully searched and seized Plaintiff's person and property without a valid

warrant, probable cause, or consent.

26. Defendants accessed Plaintiff's phone before a warrant was issued, and the later-issued warrant

was facially invalid.

27. Defendant McCormick physically touched Plaintiff during a pulse check and attempted further

testing despite Plaintiff's explicit verbal refusal.

28. These actions were unreasonable, excessive, and unconstitutional under clearly established law, including Riley v. California.

29. As a direct and proximate result of these actions, Plaintiff suffered harm including loss of privacy, humiliation, and emotional distress.

## SECOND CAUSE OF ACTION

(42 U.S.C. §1983 - First Amendment - Retaliation)

30. Plaintiff realleges and incorporates by reference all preceding paragraphs.

31. Plaintiff engaged in protected speech and activity, including running for public office and criticizing the Blythe Police Department during the 2024 city council campaign.

32. Defendants, acting under color of law, responded to Plaintiff's protected conduct with a pattern of retaliation.

33. Such retaliatory acts included: contacting and intimidating Plaintiff's employer, encouraging a political rival to run against him, mishandling public complaints, and conducting a baseless arrest.

34. Defendants further retaliated by seizing Plaintiff's personal phone and body camera without legal authority, publicizing Plaintiff's mugshot on social media, and interfering with his employment.

35. These actions would deter a person of ordinary firmness from engaging in similar protected conduct.

36. The adverse actions were motivated at least in part by Plaintiff's protected speech and campaign.

37. As a direct and proximate result, Plaintiff suffered lost income, reputational harm, emotional distress, and suppression of political participation.

**THIRD CAUSE OF ACTION**

(42 U.S.C. §1983 - Fourteenth Amendment - Denial of Due Process)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs.

39. Defendants, acting under color of law, deprived Plaintiff of liberty and property interests without due process of law, in violation of the Fourteenth Amendment.

40. Plaintiff was publicly defamed through the publication of his mugshot and unsubstantiated allegations on Facebook by Dispatcher Soto, without any opportunity to respond or contest the claims.

41. Plaintiff was denied fair process to challenge the allegations against him, including the suppression of exculpatory evidence, failure to produce discovery, and intentional rerouting or ignoring of formal complaints submitted to the City.

42. The conduct of the arresting and investigating officers, including false statements and coercive questioning, fabricated the appearance of probable cause and tainted the legal process from the outset.

43. The City of Blythe and its agents maintained a pattern and practice of ignoring internal misconduct and obstructing accountability mechanisms, further denying Plaintiff a meaningful avenue for redress.

44. As a direct and proximate result of these actions, Plaintiff suffered deprivation of liberty, reputational damage, and prolonged exposure to criminal prosecution without procedural safeguards.

FOURTH CAUSE OF ACTION

(California Civil Code §52.1 - Bane Act)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs.

46. Defendants, through threats, intimidation, and coercion, interfered with Plaintiff's exercise and enjoyment of his rights secured by the Constitution and laws of the United States and California.

47. Defendant McCormick threatened Plaintiff with arrest and license suspension if he did not comply with unlawful testing, despite Plaintiff's clear invocation of his rights.

48. Defendant Ibarra attempted to coerce the alleged victim into making incriminating statements, including calling her a "battered

woman" and telling her, "They don't like McKean," which reflects both threat and bias.

49. Defendant Soto, while acting in a position of power, publicly posted Plaintiff's mugshot online within hours of arrest as a form of intimidation and reputational damage.

50. Defendants unlawfully detained Plaintiff, seized his property without a valid warrant, and repeatedly ignored his protests, all of which were intended to punish, silence, or dissuade further dissent.

51. These acts were not only excessive and unlawful but were carried out with deliberate intent to chill the exercise of Plaintiff's civil rights and retaliate against his political speech.

52. As a direct and proximate result, Plaintiff suffered emotional distress, economic loss, and fear of future retaliation.

**FIFTH CAUSE OF ACTION**
(Defamation – California State Law)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs.

54. On or about March 10, 2025, Dispatcher Shelly Soto, while acting in the scope of her employment with the Blythe Police Department, caused the Plaintiff's mugshot and arrest allegations to be posted publicly on the department's official Facebook page.

55. The post falsely implied Plaintiff had committed a violent crime and was guilty of domestic violence, despite the lack of probable cause and absence of any official victim statement or verified

evidence.

56. These statements were published without Plaintiff being formally charged or afforded an opportunity to respond or defend himself in a public forum.

57. The publication was widely viewed by members of the public, including local employers, friends, and residents of Blythe, and caused Plaintiff humiliation, ridicule, and economic harm.

58. The statements were false, made with actual malice, and intended to damage Plaintiff's reputation and credibility within the community.

59. As a direct and proximate result of the defamatory publication, Plaintiff lost employment, experienced reputational damage, emotional distress, and was subjected to public scorn.

**SIXTH CAUSE OF ACTION**
(Negligence – California State Law)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs.

61. Defendants owed Plaintiff a duty of care in their roles as public officials, including the duty to follow constitutional requirements, properly handle public complaints, and ensure fair and lawful treatment.

62. Defendants breached this duty through careless, reckless, and unlawful conduct including false arrest, public defamation, fabrication of evidence, and the suppression of key exculpatory

information.

63. The City of Blythe failed to implement proper training, oversight, and disciplinary procedures to prevent such misconduct by its officers and staff.

64. Defendants acted unreasonably and without due regard for Plaintiff's rights, well-being, and legal protections.

65. As a direct and proximate result of Defendants' negligence, Plaintiff suffered economic harm, emotional distress, reputational damage, and constitutional injuries.

**SEVENTH CAUSE OF ACTION**
(False Imprisonment – California State Law)

66. Plaintiff realleges and incorporates by reference all preceding paragraphs.

67. On or about March 10, 2025, Plaintiff was detained, arrested, and deprived of his liberty by Officer Orozco and other defendants without a warrant, probable cause, or valid legal justification.

68. Plaintiff did not consent to the detention and arrest, and no exigent circumstances justified the seizure of his person.

69. The allegations used to justify the arrest were knowingly false, including fabricated police reports and manipulated CAD logs that postdated the actual event.

70. Plaintiff remained in custody for an extended period and suffered reputational, emotional, and economic harm as a result of the unlawful restraint.

71. Additionally, the Palo Verde Valley Times released Plaintiff's mugshot and arrest details publicly without a paywall, contrary to how other arrests were handled, further amplifying the false narrative and public shaming.

72. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered damage including emotional distress, lost income, and reputational injury.

## EIGHTH CAUSE OF ACTION
(42 U.S.C. §1983 – Monell Claim – Failure to Train, Supervise, and Discipline)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs.

74. Defendant City of Blythe is a municipal entity responsible for the actions and oversight of its police department, including hiring, training, supervision, and discipline of officers and staff.

75. The City of Blythe maintained policies, customs, or practices that allowed for repeated constitutional violations, including unlawful searches, fabricated probable cause, suppression of evidence, and retaliation against political dissent.

76. The City failed to adequately train its officers in Fourth Amendment compliance, proper investigation techniques, handling of citizen complaints, and avoidance of retaliatory

conduct.

77. The City failed to supervise or discipline employees who engaged in documented misconduct, including Defendants McCormick, Ibarra, Orozco, Soto, and Dale, despite known complaints and repeated violations.

78. This deliberate indifference to the rights of citizens was a moving force behind the constitutional deprivations suffered by Plaintiff.

79. The City's failure to implement proper accountability and review mechanisms fostered an environment in which unlawful conduct and retaliation were tolerated, and even encouraged, particularly in cases involving political opponents.

80. As a direct and proximate result of the City's customs, policies, and failures, Plaintiff suffered the constitutional injuries detailed above, including unlawful arrest, seizure, emotional distress, reputational harm, and loss of income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages and emotional distress damages in an amount not less than $550,000;

2. Award punitive damages against individual defendants in an amount not less than $700,000;

3. Declare Defendants' conduct unconstitutional;

4. Order return/destruction of unlawfully obtained data;

5. Grant injunctive relief preventing future retaliation and misconduct;

6. Award attorneys' fees and costs (if represented);

7. Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all triable issues.

Respectfully submitted,

Garrett S. McKean
3589 Wells Rd, Space 40
Blythe, CA 92225
Pro Se Plaintiff
Date: 5-19-2025

Signature: *Garrett McKean*
Garrett S. McKean

Garrett S. McKean

3589 Wells Rd, Space 40

Blythe, CA 92225

May 19, 2025

Clerk of the Court

United States District Court

Eastern Division - Riverside

3470 Twelfth Street, Room 134

Riverside, CA 92501

Re: First Amended Complaint - McKean v. City of Blythe et al.

Case No.: 5:25-cv-00935-HDV-GJS

Dear Clerk:

Enclosed please find two copies of the First Amended Complaint for filing in the above-captioned case. I have also included a self-addressed stamped envelope. Please return a file-stamped copy for my records.

Thank you for your assistance.

Sincerely,

Garrett S. McKean

Pro Se Plaintiff

GARRETT SCOTT MCKEAN
3589 WELLS RD Space 40
BLYTHE, CA 92225

EXPECTED DELIVERY DAY: 05/21/25

USPS TRACKING® #

9505 5159 2193 5139 3578 54

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
For Domestic and International Use
TRACKED INSURED
Label 107R, May 2014

Clerk of Court
United States District Court
Central District of California
Eastern Division – Riverside
3470 Twelfth Street, Room 134
Riverside, CA 92501-3801

CLERK, U.S. DISTRICT COURT
MAY 20 2025
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Intake

Retail
RDC 03    0 Lb 8.90 Oz
92501
$9.60
U.S. POSTAGE PAID
PM
BLYTHE, CA 92225
MAY 19, 2025
S2324M504190-9

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
For Domestic and International Use
TRACKED INSURED
Label 107R, May 2014